Mr. Harry O. Lawson State Court Administrator 323 State Capitol Denver, Colorado 80203
Dear Mr. Lawson:
This is in response to your request for my opinion concerning proper procedure for payment of prosecution-witness fees. Correspondence on file indicates that this request results from problems which the Denver District Attorney has had in recovering mileage and per diem fees advanced to prosecution witnesses in several cases, one of which is discussed below.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
What is the proper procedure for payment of prosecution-witness fees?
 It is statutorily provided that witness fees for attending criminal trials shall be paid as costs pursuant to C.R.S. 1973, 16-18-101. C.R.S. 1973, 13-33-102(4).
ANALYSIS
The payment procedure is also statutorily specified. C.R.S. 1973, 13-33-104 requires that "(a)ny witness fee collected by any district court or county court shall be paid to the person entitled to the witness fee, when claimed . . . ." (Emphasis added.) C.R.S. 1973, 13-33-105 further requires that
 (i)f any person entitled to a witness fee in any district court or county court makes an application to the clerk of such court for payment of the fee, the clerk, if the witness fee claimed was previously collected by him, shall pay the witness claimant the witness fee due. If the fee was not previously collected by the clerk, the state shall pay the claimant pursuant to section 13-3-104 (which provides for state funding of the court system) (emphasis added).
Furthermore, a tender of witness fees is necessary for service of a subpoena upon an out-of-state witness.
 If the witness is summoned to attend and testify in this state, he shall be tendered the sum of ten cents a mile for each mile by the ordinarily traveled route to and from the court where the prosecution is pending and twenty dollars for each day that he is required to travel and attend as a witness . . . .
C.R.S. 1973, 16-9-203(2) (emphasis added).
These statutes indicate that witness fees must be paid by the state through the court system upon demand by the witness or, in the case of out-of-state witnesses, at the time of the service of subpoena. This interpretation is supported by C.R.S. 1973,16-11-501, which provides that upon conviction "the court shall give judgment in favor of the state of Colorado and against the offender for the amount of the costs of prosecution . . . ." (Emphasis added.) Provision for entry of judgment for prosecution costs in favor of thestate is necessarily premised on prior payment by the state of prosecution-witness fees. Under this statute, any procedure other than prejudgment payment by the state would result in a windfall to the state at the expense of the prosecution (if the prosecution had advanced payment of witness fees) or an undue burden on prosecution witnesses (who might otherwise be required to pay their own expenses and await reimbursement contingent upon the defendant's acquittal or a successful post-conviction collection of costs taxed against the defendant).
Prejudgment payment of prosecution-witness fees by the state is not inconsistent with C.R.S. 1973, 16-18-101(1), which provides that "(t)he costs in criminal cases shall be paid by the state pursuant to section 13-3-104, C.R.S. 1973, when the defendant is acquitted or when the defendant is convicted and the court determines he is unable to pay them." Reasonable implementation of this statute in conjunction with those discussed above requires that prosecution-witness fees be paid by the state through the court system upon service of subpoena (for out-of-state witnesses) or upon claim by the witness (for in-state witnesses). Unless the defendant is acquitted or determined to be unable to pay these costs pursuant to C.R.S. 1973, 16-18-101(1), the state is entitled to reimbursement from the defendant upon conviction pursuant to C.R.S. 1973, 16-11-501. This procedure is not only requisite to consistent construction of the applicable statutes discussed above, it also most reasonably allocates the burden of collecting a judgment for costs.
A particular problem has arisen in the case of People v.Alengi, CR. 253, in which the Denver District Attorney's office advanced mileage and per diem costs to out-of-state prosecution witnesses and has not yet been reimbursed for those and other witness costs advanced. We are informed that subsequent to a change of venue from Denver District Court to Otero County District Court, judgment of conviction, including an order that "the costs which should be taxed against the defendant are $15.00 and $50.00 probation fees," was entered. The Denver District Attorney's office, which had advanced witness costs of $1,650 in that case, filed motions in the Denver District Court for payment of prosecution witness fees. The clerk was ordered to reimburse the District Attorney Witness Account for prosecution-witness fees advanced, but refused to do so because no determination had been made, pursuant to C.R.S. 1973,16-18-101(1), that the defendant was unable to pay these costs.
Irrespective of the merits of the clerk's position, the change of venue in this case had the effect of depriving the Denver District Court of authority to enter such an order. Colo.R.Crim.P. 21 (a)(6) provides that "(t)he clerk of the court to which venue is changed shall file the transcript and papers transmitted to him, and docket the case; and the caseshall proceed before and after judgment, as if it hadoriginated in that court" (emphasis added). Thus, pursuant to C.R.S. 1973, 13-33-105, witness fees herein must be claimed in the Otero County District Court, since they were not advanced by the court on demand pending a final determination of liability therefor upon judgment. It also appears that there was no determination of ultimate liability pursuant to C.R.S. 1973,16-18-101(1), in that the defendant had not been found indigent nor was there any subsequent finding of his inability to pay prosecution-witness fees. This problem of ultimate liability could be most expeditiously solved by a collateral proceeding in the Otero County District Court upon motion of the Denver District Attorney for a determination of the defendant's ability to pay prosecution costs other than those specifically assessed against him upon conviction and an order for payment of those costs.
However, it is my opinion that the Otero County District Court clerk must reimburse the prosecution witnesses herein or those who advanced their fees upon demand. The clerk may then seek reimbursement from the defendant if the defendant is found able to pay these costs.
SUMMARY
Witness fees to prosecution witnesses must be paid by the state through the court system. Where a district attorney's office has advanced prosecution witness costs in a case, it is entitled to reimbursement from the state for such costs advanced, even when such costs are advanced prior to a change in venue.
Very truly yours,
 J.D. MacFARLANE Attorney General
PROSECUTORS WITNESSES FEES COSTS
C.R.S. 1973, 13-33-102(4) C.R.S. 1973, 13-33-104
C.R.S. 1973, 13-33-105
C.R.S. 1973, 16-18-101
C.R.S. 1973, 16-9-203(2)
JUDICIAL BRANCH Judicial Department Administration DISTRICT ATTORNEYS DEPT.
Witness fees to prosecution witnesses must be paid by the state through the court system. Where a district attorney's office has advanced prosecution witness costs in a case, it is entitled to reimbursement from the state for such costs advanced, even when such costs are advanced prior to a change in venue.